E-FILED
Friday, 10 July, 2026  11:11:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FREDERICK H. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-3022 |
| | ) | |
| IDOC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Jacksonville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff is presently incarcerated at Jacksonville Correctional Center in Morgan County, Illinois. He named as defendants in his complaint the Illinois Department of Corrections (IDOC), Graham Correctional Center, Big Muddy River Correctional Center, and Jacksonville

Correctional Center. He also named IDOC Director Latoya Hughes, Illinois Governor J.B. Pritzker, and Jacksonville Warden Haroletta Givins.

Plaintiff's complaint lists and summarizes several grievances that appear to allege Eighth Amendment claims for unconstitutional conditions of confinement, failure to protect, and deliberate indifference to a serious medical need and First Amendment retaliation and mail claims. Plaintiff does not provide any information regarding the prisons at which these alleged events occurred or the circumstances behind each.

## DISCUSSION

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff did not sue any of the prison officials he claims were responsible for the alleged constitutional violations, and his allegations do not permit a plausible inference that Defendants Hughes, Pritzker, or Givins were personally involved in any of the events he mentions in his complaint. Plaintiff cannot hold Defendants Hughes, Pritzker, or Givins liable just because they may have held supervisory authority. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Illinois Department of Corrections and any state official Plaintiff seeks to sue in their official capacities are not proper defendants. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."). Plaintiff cannot sue the individual prisons themselves. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983).

Plaintiff also alleges events that appear to have occurred at three separate prisons, one of which (Big Muddy River C.C.) is not located in this district. *See* 28 U.S.C. § 93(c). Plaintiff likely cannot proceed on all claims mentioned in his complaint in a single lawsuit, and he will have to choose on which claims he intends to proceed here. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). Plaintiff otherwise does not provide enough information to state any constitutional claims.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 6)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor

does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of

representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1)  **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2)  **Clerk is directed to send Plaintiff a blank complaint form.**

3)  **Plaintiff's Motion [6] is DENIED with leave to renew.**

Entered this 10th day of July, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
